IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-HC-2086-D

ERNEST JACKSON, JR., )
)
    Petitioner, )
)
v. ) **ORDER**
)
JUSTIN ANDREWS, )
)
    Respondent. )

On April 30, 2015, Ernest Jackson, Jr. ("Jackson" or "petitioner"), a federal inmate proceeding pro se, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 [D.E. 1], together with a memorandum in support [D.E. 1-1] and several exhibits [D.E. 1-2].[1] Jackson seeks appointment of counsel [D.E. 3]. The court now conducts its preliminary review under 28 U.S.C. § 2243 and dismisses the petition.

> Earnest Jackson, Jr., was convicted on February 13, 1992, in [the United States District Court for the Northern District of Alabama], of one count of conspiracy or attempt to distribute cocaine and heroin, in violation of Title 21 U.S.C. §§ 841 (Count 1); one count of aiding and abetting, in violation of 21 U.S.C. § 841(a) (Count 2); and six counts of unlawful use of a communication facility to commit a felony, in violation of 21 U.S.C. § 843(b)(Counts 3, 5, 6, 7, 9, and 10). Jackson was sentenced on March 26, 1992, to concurrent terms of imprisonment for life on Counts 1 and 2. He was sentenced to terms of imprisonment for eight years on Counts 3, 5, 6, 7, 9, and 10, with the sentences to be served concurrently with each other and with the sentences imposed in Counts 1 and 2. The sentences are to be followed by a ten-year term of supervised release. The Eleventh Circuit Court of Appeals affirmed Jackson's conviction on April 6, 1993.
>
> On October 19, 2000, Jackson filed a motion to vacate his sentence, claiming that: 1) he received ineffective assistance of counsel at trial; 2) his PSI report contained erroneous information; and 3) there were "glaring conflicts in the proceedings." *Jackson v. United States*, CV-00-PT-8048-S. The motion to vacate was denied on January 16, 2001, because it was barred by the statute of limitations.

---

[1] The clerk shall seal the presentence report of another individual, [D.E. 1-2] 23–26.

On July 2, 2002, Jackson filed a "Motion Pursuant to 18 U.S.C. § 3582(c)(2)," seeking to have his sentence reduced.

Report and Recommendation at 1–2, United States v. Jackson, No. 2:91-cr-00205-VEH-JHE (N.D. Ala. Apr. 20, 2009), [D.E. 132]; see Mem. Supp. Pet. [D.E. 1-1] 2.

On May 14, 2009, the court denied Jackson's motion for relief under 18 U.S.C. § 3583(c)(2). Order of Dismissal, United States v. Jackson, No. 2:91-cr-00205-VEH-JHE (N.D. Ala. May 14, 2009), [D.E. 135]. On April 30, 2015, Jackson filed the instant petition under 28 U.S.C. § 2241. On August 19, 2015, proceeding through counsel, Jackson filed an amended motion for a reduction in sentence pursuant to 18 U.S.C. § 3582 and Amendment 782 to the United States Sentencing Guidelines. Am. Mot., United States v. Jackson, No. 2:91-cr-00205-VEH-JHE (N.D. Ala. Aug. 19, 2015), [D.E. 144]. On September 15, 2015, the United States District Court for the Northern District of Alabama granted Jackson's motion to reduce his sentence. Order, United States v. Jackson, No. 2:91-cr-00205-VEH-JHE (N.D. Ala. Sept. 15, 2015), [D.E. 145].

Although Jackson filed the current action under 28 U.S.C. § 2241, he is attacking the legality, rather than the execution, of his sentence. Specifically, Jackson asserts that errors in his presentence report "resulted in an unconstitutional Life sentence." Mem. Supp. Pet. 3; see Pet. [D.E. 1] 6. Thus, Jackson's petition constitutes "a thinly-veiled collateral attack on the validity of his sentence, which should have been brought as a successive motion under [section] 2255." Freeman v. Davis, 414 F. App'x 163, 166 (10th Cir. 2011) (unpublished) (internal quotations and alteration omitted); see Blackshear v. Lockett, 411 F. App'x 906, 907 (7th Cir. 2011) (per curiam) (unpublished); Giwa v. Warden, No. 14-CV-2827, 2015 WL 110615, at *2 (W.D. La. Jan. 7, 2015) (unpublished), appeal filed, No.15-30335 (5th Cir. Apr. 15, 2015); Ayers v. U.S. Dist. Court, No. CIV. A. 1:11-0888, 2014 WL 4981438, at *3–4 (S.D.W. Va. Oct. 6, 2014) (unpublished).

The court may consider a section 2241 motion challenging the legality of Jackson's conviction and sentence only if "the remedy by [section 2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e) (the "savings clause"); see United States v. Surratt, No. 14-6851, 2015 WL 4591677, at *4 (4th Cir. July 31, 2015); Gilbert v. United States, 640 F.3d 1293, 1305–06 (11th Cir. 2011) (en banc); Rice v. Rivera, 617 F.3d 802, 806–08 (4th Cir. 2010) (per curiam); In re Jones, 226 F.3d 328, 332–34 (4th Cir. 2000); In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc).

Because Jackson has already filed one section 2255 motion and the Eleventh Circuit has not authorized him to file another, he is procedurally barred from raising his claims in a section 2255 motion. See 28 U.S.C. § 2255(h); Surratt, 2015 WL 4591677, at *3; Bryant v. Warden, FCC Coleman–Medium, 738 F.3d 1253, 1260–61 (11th Cir. 2013); United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003). Section 2255 is not rendered inadequate or ineffective merely because a petitioner is procedurally barred from filing a section 2255 motion. See, e.g., Surratt, 2015 WL 4591677, at *9; Gilbert, 640 F.3d at 1307–08; Vial, 115 F.3d at 1194 n.5. Rather, section 2255 is inadequate or ineffective when three conditions are met:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first [section] 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of [section] 2255 because the new rule is not one of constitutional law.

Jones, 226 F.3d at 333–34. Moreover, the Fourth Circuit has held that the savings clause in section 2255(e) does not reach a prisoner who challenges only his sentence. See Surratt, 2015 WL 4591677, at *4, *12–13; Darden v. Stephens, 426 F. App'x 173, 174 (4th Cir. 2011) (per curiam) (unpublished); United States v. Poole, 531 F.3d 263, 267 n.7 (4th Cir. 2008).

3

In opposition to this conclusion, Jackson cites Persaud v. United States, 134 S. Ct. 1023 (2014). See Mem. Supp. Pet. 8. Jackson's reliance on Persaud is misplaced. See, e.g., King v. Terris, No. 14-CV-14627, 2015 WL 3888163, at *5–7 (E.D. Mich. June 24, 2015) (unpublished); Perez-Garcia v. United States, No. 3:01-CR-36-FDW-1, 2014 WL 5605060, at *3 n.5 (W.D.N.C. Nov. 4, 2014) (unpublished); Holman v. Thomas, No. 1:14-CV-2554-RBH, 2014 WL 6809748, at *4 (D.S.C. Dec. 3, 2014), appeal dismissed, No. 15-6230 (4th Cir. Apr. 21, 2015) (per curiam) (unpublished). Thus, Jackson has not demonstrated that section 2255 is inadequate or ineffective.

As for Jackson's motion for appointment of counsel, no right to counsel exists in habeas corpus actions. See, e.g., Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). Nonetheless, the court may appoint counsel if it determines that "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). This action does not present legally complex issues, and Jackson has set forth his claims adequately. Thus, the interests of justice do not require the appointment of counsel. Accordingly, the court denies the motion.

In sum, the court DENIES Jackson's motion for appointment of counsel [D.E. 3] and DISMISSES Jackson's section 22441 petition for a writ of habeas corpus [D.E. 1]. The court DENIES a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000). The clerk shall seal the presentence report of another individual, [D.E. 1-2] 23–26, and close the case.

SO ORDERED. This **25** day of September 2015.

JAMES C. DEVER III
Chief United States District Judge

4